**Opinion filed April 23, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00065-CR

_____

## HAROLD WAYNE MITCHELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR43869**

## MEMORANDUM OPINION

Harold Wayne Mitchell, Appellant, filed an untimely pro se notice of appeal from a conviction for burglary of a building. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on January 12, 2015, and that his pro se notice of out-of-time appeal was filed in the district clerk's office on March 13, 2015. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed. We requested that Appellant

respond to our letter and show grounds to continue. Appellant has responded but has not shown grounds to continue the appeal.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court sixty days after his sentence was imposed and that no motion for new trial was filed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). This court, as an intermediate appellate court, has no jurisdiction to grant an out-of-time appeal or to consider a motion for an out-of-time appeal; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.2d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Additionally, we note that the trial court's certification of Appellant's right of appeal indicates that Appellant has no right of appeal because this is a plea-bargain case and because Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

This appeal is dismissed for want of jurisdiction.


April 23, 2015                                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.